UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA f/b/o ) <br> FRANCIS H. MARONEY, INC., a ) <br> Massachusetts corporation with a principal ) <br> place of business in Haverhill, Essex County, ) <br> Plaintiff ) <br>  ) <br> v. ) <br>  ) <br> ROADS CORPORATION, a Massachusetts ) <br> corporation with a principal place of business ) <br> in North Billerica, Middlesex County; and ) <br> UNITED STATES FIDELITY AND ) <br> GUARANTY COMPANY, a Maryland ) <br> surety company registered to do business in ) <br> Massachusetts, with a place of business in ) <br> Quincy, Norfolk County, ) <br> Defendants ) <br>  ) | CIVIL ACTION <br> NO. 05-11054 RGS |

## ANSWER OF DEFENDANTS, ROADS CORPORATION AND UNITED STATES FIDELITY & GUARANTY COMPANY

Now come the Defendants, Roads Corporation (hereinafter **"Roads"**) and United States Fidelity & Guaranty Company (hereinafter **"USF&G"**) and hereby Answer the Plaintiff's Complaint as follows:

### COUNT ONE-CONTRACT – (MILLER ACT)

1. The Defendants admit that Roads entered into a contract with the United States Air Force for the renovations to a building sometimes known as Building 1614 on Hanscom Air Force Base in Bedford Massachusetts. The Defendants further answer that the contract is voluminous and that the contract speaks for itself.

2. Admitted.

3. Admitted.

4. Defendant, Roads admits that the original subcontract price was $2,921,660.00.

5. Denied.

6. Defendant, Roads admits that Maroney completed additional work on the project, however denies the remaining allegation contained in Paragraph 6 of the Complaint.

7. Denied.

8. The Defendant, Roads admits that it made payments to Maroney on account for this project, however Roads denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Denied.

10. Denied.

11. Denied.

12. Admitted.

13. Denied

**WHEREFORE**, the Defendants demand that the Complaint be dismissed, that judgment enter in favor of the Defendants, and for such further relief as the Court deems just and proper under the circumstances and the applicable law.

## COUNT TWO – QUANTUM MERUIT (MILLER ACT)

14. The Defendants repeat and reaver the Answers to paragraph 1 through 3 of the Plaintiff's Complaint as if fully set forth herein.

15. Denied.

16. The Defendants repeat and reaver the Answers to paragraph 8 through 13 of the

Plaintiff's Complaint as if fully set forth herein.

**WHEREFORE**, the Defendants demand that the Complaint be dismissed, that judgment enter in favor of the Defendants, and for such further relief as the Court deems just and proper under the circumstances and the applicable law.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

The Plaintiff has failed and refused to fulfill all the obligations and requirements due under the terms and conditions of the subcontract executed by and between Plaintiff and Defendant, Roads and is therefore barred from recovery.

#### THIRD AFFIRMATIVE DEFENSE

The claims and causes of action purported to be set forth by the Plaintiff in the Complaint are barred by the terms and conditions of the contracts, including general and special conditions incorporated by reference therein.

#### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to name a necessary party to these proceedings, without whose presence a full and complete adjudication of all issues arising from, or relating to, the subcontract and other claims asserted in the Complaint cannot be made.

#### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff breached its subcontract and is now entitled to recover nothing.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to fulfill certain conditions precedent to the maintenance of this action and is therefore barred from recovery.

## SEVENTH AFFIRMATIVE DEFENSE

The claims which the Plaintiff allege in the Complaint arise from the acts and conduct of third persons, over whom the Defendant, Roads had no direction or control, and for whose acts or omissions neither the Defendant, Roads nor the Defendant, USF&G is responsible.

## EIGHTH AFFIRMATIVE DEFENSE

If the Defendant, Roads ever owed the Plaintiff anything, which is denied, the Plaintiff has waived payment.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff by its acts and conduct is estopped to assert that the Defendant, Roads now owes the Plaintiff anything.

## TENTH AFFIRMATIVE DEFENSE

The Defendant, Roads entered into the subcontract referred to in the Complaint solely upon consideration of the performance by Plaintiff of the promises made therein, and the Defendant has fulfilled all of its promises and conditions required on its part by the agreement, but the Plaintiff failed to perform as provided in the agreement and there was failure of consideration.

## ELEVENTH AFFIRMATIVE DEFENSE

If the Defendant, Roads failed to perform any of its agreements as set forth in the Complaint, which is denied, the Defendant was excused from the performance of such agreement.

TWELFTH AFFIRMATIVE DEFENSE

Certain of the claims asserted by the Plaintiff are beyond the scope of coverage and/or recovery afforded under the provisions of the Miller Act and the bond furnished by the Defendant, USF&G.

THIRTEENTH AFFIRMATIVE DEFENSE

By operation of law, and the operation of the terms and conditions of the subcontract, and certain waivers of lien furnished by the Plaintiff to the Defendant, Roads, the Defendants have been released and discharged in whole or in part of the claims and causes of action asserted in Plaintiff's Complaint.

**WHEREFORE,** the Defendants demand that the Complaint be dismissed, that judgment enter in favor of the Defendants, and for such further relief as the Court deems just and proper.

Defendants, Roads Corporation and
United States Fidelity & Guaranty Company
By their attorneys,

Edward J. Quinlan, Esquire, BBO# 409060
David T. Keenan, Esquire, BBO# 567325
Quinlan & Sadowski, P.C.
11 Vanderbilt Avenue, Suite 250
Norwood, MA 02062-5056
Phone: 781-440-9909
Fax:   781-440-9979

Dated: July 11, 2005

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the foregoing document was served on the attorney of record for each other party in this action, by mail, postage prepaid, on July 12, 2005